HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS INC.,

    Plaintiff,

v.

CY EXPO LLC, a Nevada limited liability company,

    Defendant.

CASE NO. C20-00056-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's motion for default judgment. Dkt. # 8.  Having reviewed the record, the Court **GRANTS** the motion and directs the clerk to enter default judgment as directed at the conclusion of this order.

## II.  BACKGROUND

On January 13, 2020, Plaintiff Northwest Administrators, Inc., the authorized administrative agent for and assignee of the Western Conference of Teamsters Pension Trust Fund ("Trust"), filed this action to collect contributions, liquidated damages, interest, and all attorney's fees and costs related to Defendant CY Expo LLC

("Defendant"), who has allegedly failed to pay monthly pension contributions from October 2019 through November 2019. Dkt # 1 at 3-4. Defendant's Office Manager, Julie Daily, was properly served on January 22, 2020. Dkt. # 5. Defendant failed to file a response to the complaint. On March 11, 2020, Plaintiff filed a motion for default against Defendant. Dkt. # 6. On March 12, 2020, a Clerk's Order of Default was issued. Dkt. # 7.

Plaintiff has since filed a motion for default judgment. Dkt. # 8. Plaintiff indicated that Defendant had submitted the past due payments: payment for October 2019 in the amount of $12,769.84 (due November 10, 2019) had been received on February 3, 2020; payment for November 2019 in the amount of $10,178.14 (due on December 10, 2019) had been received on January 24, 2020; and payment for December 2019 in the amount of $3,505.12 (due January 10, 2020) had also been received on January 24, 2020. Dkt. # 9 at 4-5. Defendant again failed to respond.

### III.   LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d

1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

## IV.     DISCUSSION

Plaintiff's evidence establishes that Defendant was delinquent in its monthly contributions to the Trust from October 2019 through December 2019. Dkt. # 9; Dkt. # 9-1 at 20. Pursuant to the terms of the parties' Agreement and Declaration of Trust, Defendant is required to pay liquidated damages equal to 20 percent of delinquently paid contributions, interest on the amount due, as well as attorney's fees and costs. Dkt. # 9-1 at 10. Plaintiff has shown the interest rate at the time the contributions were due was five percent per annum. Dkt. # 8-1 at 4.

Accordingly, Plaintiff has shown that it is entitled to liquidated damages in the amount of $5,290.62, of which $2,122.97 was paid, leaving a balance due of $3,167.65. Dkt. # 9-1 at 20. Plaintiff is entitled to interest in the amount of $218.15 for the months of October 2019 through December 2019. *Id.* Plaintiff has also presented evidence of attorney's fees and costs. Dkt # 8-1 at 6. In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the Court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff. The Court finds that Plaintiff's evidence supports an attorney fee award of $1,071 and costs of $485. Dkt. # 8-1 at 6.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.  CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

(1) Default judgment is entered in favor of Northwest Administrators Inc. and against CY Expo LLC; and,

(2) Default judgment is for the total amount of $4,941.80.

Dated this 14th day of October, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge